UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICITAS DOMINGUEZ, | No. 2:14-cv-2451 AC P |
| Plaintiff, | |
| v. | ORDER |
| CVS PHARMACY, | |
| Defendant. | |

Plaintiff, a Solano County inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 5.

Plaintiff's request to proceed in forma pauperis is deficient in that plaintiff has not filed a certified copy of her prison trust account statement for the six month period immediately preceding the filing of the complaint, or the equivalent institutional certificate (which would be completed by plaintiff's institution of incarceration). See 28 U.S.C. § 1915(a)(2) (requiring a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint"). However, because the court's review of the complaint demonstrates that it is subject to summary dismissal, the court will not require an amended in forma pauperis request or assess a filing fee.

1

In her complaint, plaintiff alleges that she entered a CVS store on her birthday, April 14, 2014, with the intention of perusing the new fragrances and make-up. She also intended to buy an Arizona tea as she "always" did. However, someone from the store's security staff informed her that she had to leave and could not remain in the store. Plaintiff alleges she has been a customer for more than twelve years and has a CVS card. Plaintiff also claims that she was hurt and needed either an ambulance or a first aid kit because she had been "jumped in there [sic] parking lot." The cashier did not provide requested assistance and did not call "911." Plaintiff adds that at some undefined time in the past, "security did the same thing" when she had needed to fill a prescription. Plaintiff alleges that she has been subject to defamation and slander and claims to have been subjected to "emotional, physical and mental anguish due to there [sic] public display of" indifference. ECF No. 1.

As relief, plaintiff seeks "a public apology and [$]70, 000.00 restitution." Id.

Plaintiff's complaint must be dismissed. The civil rights statute under which plaintiff purports to bring suit, 42 U.S.C. § 1983, provides a mechanism for suing state officials for violations of federal constitutional rights. It does not provide a basis for suing private actors. The only defendant that plaintiff names, CVS Pharmacy, is a corporate entity. Plaintiff makes no allegation that defendant CVS or any of its unnamed employees acted under color of state law, as required for a claim under § 1983. Under Section 1983, a "plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, *and that the defendant acted under color of state law*." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (emphasis added) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Because CVS Pharmacy is not alleged to be a state actor, and any such allegation would be frivolous, a § 1983 claim will not lie.

Moreover, even if plaintiff were proceeding against a proper § 1983 defendant, claims of slander and defamation are not federal constitutional claims but state law tort claims. See Cal. Code Civ. P. §§ 44, 46. Defamation can only support § 1983 liability under certain circumstances that implicate federal rights. As the Ninth Circuit has explained, "There are two ways to state a cognizable § 1983 claim for defamation-plus: (1) allege that the injury to reputation was inflicted

1  in connection with a federally protected right; or (2) allege that the injury to reputation caused the
2  denial of a federally protected right." Crowe v. County of San Diego, 608 F.3d 406, 444 (9th Cir.
3  2010) (quoting Herb Hallman Chevrolet v. Nash-Holmes, 169 F.3d 636, 645 (9th Cir.1999)).
4  Plaintiff's allegations here simply do not rise to the level of a federal constitutional deprivation.
5       Dismissal without leave to amend is only proper where it is clear that a claim "could not
6  be saved by any amendment." Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940,
7  946 (9th Cir. 2005). It is this court's determination that the defects of this complaint could not be
8  cured by amendment, as the complaint seeks to implicate an improper defendant for conduct that
9  does not rise to the requisite level to proceed under section 1983.
10      Accordingly, IT IS ORDERED that this action is summarily DISMISSED.
11 DATED: November 10, 2014

                                        /s/ Allison Claire
                                        ALLISON CLAIRE
                                        UNITED STATES MAGISTRATE JUDGE